UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:20cr154 (MPS)(PALM) |
| v. | VIOLATIONS: |
| MICHAEL SMITH, a/k/a "Head"; KEILAH BORIA; ERNEST HOLCOMB, a/k/a "Ern"; JOHNATHAN DUARTE; CHAWN BATTLE; ALEX REYES; and ALEXIS VIERA | 21 U.S.C. § 846 (Conspiracy to Distribute, and to Possess with Intent to Distribute Heroin and Cocaine Base) <br><br> 21 U.S.C. § 841(a)(1) (Possession of Controlled Substances with Intent to Distribute and Distribution of Controlled Substances) <br><br> 18 U.S.C. § 924(c)(1)(A)(iii) (Use of a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime) <br><br> 18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess With Intent to Distribute
Heroin and Cocaine Base)

1. From on or about September 9, 2019 through on or about February 9, 2020, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants MICHAEL SMITH, a/k/a "Head"; KEILAH BORIA; ERNEST HOLCOMB, a/k/a "Ern"; JOHNATHAN DUARTE; CHAWN BATTLE; ALEX REYES; and ALEXIS VIERA, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to distribute, and to possess with intent to distribute, controlled substances, namely a mixture and substance containing a detectable amount of heroin, a Schedule I

1

controlled substance, and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

## QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

2.  Defendants MICHAEL SMITH, a/k/a "Head"; KEILAH BORIA; ERNEST HOLCOMB, a/k/a "Ern"; and JONATHAN DUARTE, knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i).

3.  Defendants CHAWN BATTLE, ALEX REYES and ALEXIS VIERA, knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## QUANTITY OF COCAINE BASE INVOLVED IN THE CONSPIRACY

4.  Defendants MICHAEL SMITH, a/k/a "Head"; ERNEST HOLCOMB, a/k/a "Ern"; JONATHAN DUARTE; and ALEXIS VIERA, knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute and Distribution of Heroin)

5. On or about October 16, 2019, in the District of Connecticut, the defendant MICHAEL SMITH, a/k/a "Head", knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
(Use of a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime)

6. On or about December 19, 2019, in the District of Connecticut, MICHAEL SMITH, a/k/a "Head", the defendant herein, did knowingly use, carry, possess, and discharge a firearm during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: the crime charged in Count One (Conspiracy to Distribute and to Possess With Intent to Distribute Heroin and Cocaine Base).

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## COUNT FOUR
(Conspiracy to Launder Monetary Instruments)

7. Paragraphs 1 through 5 are incorporated by reference.

8. From on or about or around September 9, 2019, and continuing through December 23, 2019, in the District of Connecticut and elsewhere, defendants MICHAEL SMITH, a/k/a "Head" and KEILAH BORIA did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit money laundering under Title 18, United States Code, Section 1956, namely:

   a. to knowingly conduct and attempt to conduct financial transactions affecting

interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession and distribution of controlled substances, in violation of Title 21 United States Code, Section 841(a)(1), and conspiracy to possess and distribute controlled substances, in violation of 21 United States Code, Section 846, with the intent to promote the carrying on of specified unlawful activity in criminally derived property, that is, possession and distribution of controlled substances in violation of Title 21 United States Code, Section 841(a)(1), and conspiracy to possess and distribute controlled substances, in violation of Title 21 United States Code, Section 846, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## MANNER AND MEANS

9. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

   a. the defendant KEILAH BORIA accepted U.S. currency from defendant MICHAEL SMITH, a/k/a "Head", which U.S. currency was the proceeds of the distribution of controlled substances by MICHAEL SMITH, a/k/a "Head" and others, and deposited the U.S. currency into account x6629 and account x0210, which accounts KEILAH BORIA maintained in her name at TD Bank North, with an office in the District of Connecticut;

   b. at the direction of MICHAEL SMITH, a/k/a "Head", KEILAH BORIA rented automobiles from Enterprise Car Rental for the use of MICHAEL SMITH, a/k/a "Head" in possessing and distributing controlled substances;

   c. at the direction of MICHAEL SMITH, a/k/a "Head", KEILAH BORIA paid Enterprise Car Rental for the automobile rentals she concluded at the direction of MICHAEL

4

SMITH, a/k/a "Head", with the proceeds of the distribution of controlled substances by MICHAEL SMITH, a/k/a "Head" and others, using one or more Visa Debit Cards drawn on TD Bank North account x6629 and x0210.

    d.    for the Tax Years 2016 through 2019, KEILAH BORIA earned wages of $145,142.09, which were deposited into account x6629 at TD Bank North; for the Tax Years 2016 through 2019, KEILAH BORIA made cash deposits into account x6629 and account x0210 at TD Bank North of $219,863.60, in addition to her wages, for a total of $365,005.69 in cash deposits for the period.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

10.    Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, the defendants MICHAEL SMITH, a/k/a "Head"; KEILAH BORIA; ERNEST HOLCOMB, a/k/a "Ern"; JONATHAN DUARTE; CHAWN BATTLE; ALEX REYES; and ALEXIS VIERA, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 881, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of these violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

11.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut;

(d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Money Laundering Offense)

12. Upon conviction of the money laundering offenses alleged in Count Four of this Indictment, defendants MICHAEL SMITH, a/k/a "Head", and KEILAH BORIA shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), all right, title, and interest in any and all money and other property involved in the offense in violation of 18 U.S.C. § 1956(h) and all property traceable to such property.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property.

All in accordance with 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

JOHN T. PIERPONT
ASSISTANT UNITED STATES ATTORNEY